**In re SEPTEMBER 11 LITIGATION.**

**Nos. 21 MC 97(AKH), 21 MC 101(AKH).**

United States District Court, S.D. New York.

May 16, 2006.

Elizabeth Smith, Jodi Westbrook Flowers, Ronald L. Motley, Donald A. Migliori, Motley Rice LLC, Mount Pleasant, SC, Jayne Conroy, Clinton B. Fisher, Hanly Conroy Bierstein Sheridan Fisher & Hayes, LLP, Paul J. Hanly, Jr., Hanly Conroy Bierstein & Sheridan LLP, Kenneth F. McCallion, McCallion & Associates, LLP, Frank H. Granito, Jr., Speiser, Krause, Nolan and Granito, Marc S. Mol-

ler, Kreindler & Kreindler, New York City, David J. Pyper, Sunrise, FL, Floyd A. Wisner, Nolan Law Group, Chicago, IL, Kristopher E. Kuehn, Michael E. Callahan, Michael Kuckelman, Timothy W. Triplett, Warden, Triplett, Grier, Overland Park, KS, Percy M. Samuel, Percy M. Samuel, P.C., Elmont, NY, Gregory P. Joseph, Gregory and Adams, P.C, Wilton, CT, Zafer Adem Akin, Akin & Smith, LLC, New York City, David Jaroslawicz, Jaroslawicz & Jaros, New York City, Robert Joseph Tolchin, Law Office of Robert J. Tolchin, New York City, Bruce M. Friedman, Rubin, Fiorella & Freidman LLP, New York City, Paul Fredric Kovner, Rubin Fiorella and Friedman LLP, Rockville Centre, NY, Robert J. Bates, Robert J. Bates, Esq., Westwood, NJ, Charles Edward Joseph, Joseph and Herzfeld, New York City, Thaniel James Beinert, The Law Office of Thaniel J. Beinert and Associates, Brooklyn, NY, Carol M. Rooney, Butler Pappas Weihmuller Katz Craig, LLP, Tampa, FL, Paul B. Butler, Butler Pappas Weihmuller Katz Craig, LLP, Tampa, FL, Scott S. Katz, Tampa, FL, Stephen Mortimer Marcusa, Bigham Englar Jones & Houston, New York, NY, Robert A. Clifford, Clifford Law Offices, P.C., Chicago, IL, Timothy Tomasik, Clifford Law Offices, P.C., Chicago, IL, Douglas J. Pepe, Gregory and Adams, P.C, Wilton, CT, Dale Christian Christensen, Jr., Seward & Kissel LLP, New York City, H. Jerome Gette, Zelle, Hofmann, Voelbel & Gette, Dallas, TX, James S. Reece, Zelle Hofmann Voelbel Mason & Gette LLP, Minneapolis, MN, M. Anthony Parsons, II, Zelle, Hofmann, Voelbel & Gette, Dallas, TX, Steven J. Badger, Zelle, Hofmann, Voelbel & Gette, Dallas, TX, Frank N. Granito, Speiser, Krause, Nolan and Granito, New York City, James M. Warden, Overland Park, KS, Marina Ann Spinner, Nicoletti, Gonson & Bielat, L.L.P., New York City, Frank M. Nicoletti, Nicoletti, Gonson & Spinner L.L.P., New York City, Mark Leigh Antin, Gennet, Kallmann, Antin & Robinson, P.C., New York City, Stanley Walter Kallmann, Geffner & Bush, Burbank, CA, Mia Mary Meloni, Cozen O'Connor, Philadelphia, PA, for Plaintiffs.

Jacqueline Keller, Kevin J. O'Neill, Gogick, Byrne & O'Neill, L.L.P., Cozen O'Connor, John J. McDonough, Cozen, O'Connor, Peter J. Gallagher, Kennedy Johnson Gallagher, LLC, Marguerite D. Peck, Downing & Peck, P.C., Alun Griffiths, Robert M. Callagy, Satterlee Stephens Burke & Burke LLP, Robert J. Brown, Brown, Gavalas & Fromm, L.L.P., Michelle R. Parker, Hunton & Wiliams, Desmond T. Barry, Jr., Condon & Forsyth, L.L.P., Roger E. Podesta, Debevoise & Plimpton, LLP, Veronica Spicer, Charles Edward Koob, Joseph F. Wayland, Simpson Thacher & Bartlett LLP, Jeffrey J. Ellis, Quirk and Bakalor, P.C., Jeffrey W. Moryan, Jonathan P. McHenry, Connell, Foley, L.L.P., Bruce R. Wildermuth, Edward J. McMurrer, H. Lee Godfrey, Laurie Gallun, Max Tribble, Mendes & Mount, L.L.P., Jonathan James Ross, Labaton Rudoff & Sucharow LLP, McLaughin & Stern, LLP, Jon Paul Robbins, McLaughlin and Stern, LLP, James P. Connors, Jones, Hirsch, Connors & Bull, P.C., Jonathan I. Blackman, Cleary Gottlieb Steen & Hamilton, LLP, John L. Altieri, Jr., Marissa Bea Mole, Paul Robert Koepff, Willard Mark Wood, O'Melveny & Myers, LLP, Karen M. Berberich, Dombroff & Gilmore, P.C., Richard Arthur Williamson, Flemming Zulack Williamson Zauderer, LLP, David J. Bloomberg, Mary M. Chang, Bryan Cave LLP, George Spencer Kolbe, Jr., Friedberg & Raven, LLP, Richard T. Marooney, Jr., King & Spalding LLP, New York, NY, Mark Seiden, Milber Makris Plousadis & Seiden, LLP, White Plains, NY, Mary P. Gaston, Todd W. Rosencrans, H. Rowan Gaither, IV, Richards Spears Kibbe & Orbe LLP, Mark A. Dombroff, Michael W. Kerns,

Dombroff & Gilmore, Washington, DC, Steven C. Minson, Thomas J. McLaughlin, Perkins Coie LLP, Seattle, WA, Kurt B. Gerstner, Kathleen M. Guilfoyle, Richard P. Campbell, Campbell, Campbell, Edwards & Conroy, P.C., Christopher D. Moore, F. Dennis Saylor, IV, Paul F. Ware, Jr., Goodwin Proctor LLP, Boston, MA, James A. Gallagher, Jr., Michael J. Crowley, Gallagher, Gosseen, Faller, Kaplan & Crowley, Garden City, NY, Brian Vincent Otero, Hurwitz & Fine, P.C, Buffalo, NY, Michael Rowe Feagley, Mayer, Brown, Rowe & Maw, Gary W. Westerberg, Robert P. Conlon, Lord, Bissell & Brook, L.L.P., Chicago, IL, Ralph Vincent Pagano, Mendes & Mount, LLP, Newark, NJ, Clinton H. Coddington, Coddington, Hicks & Danforth, Redwood City, CA, Robert S. Murphy, Mineola, NY, Alexis M. Dougherty, Mendes & Mount, LLP, Newark, NJ, M. Bradford Stein, Flemming Zulack Williamson Zauderer, LLP, New York City, Katherine Lindsay Pringle, Friedman Kaplan Seiler & Adelman LLP, New York City, Eric Jonathan Seiler, Friedman Kaplan Seiler & Adelman LLP, New York City, Heather Jo Windt, Friedman Kaplan Seiler & Adelman LLP, New York City, Melissa Tabako Billig, Ingram Yuzek Gainen Carroll & Bertolotti, LLP, New York City, Robert A. Banner, Ingram Yuzek Gainen Carroll & Bertolotti, LLP, New York City, Stephen Paul Schreckinger, Gogick, Byrne & O'Neil, LLP, New York City, David Moore Lindsey, Clifford Chance U.S. LLP, New York City, James Milton Hosking, Clifford Chance U.S. LLP, New York City, David A. Harrison, L'Abbate, Balkan, Colavita & Contini, LLP, Garden City, NY, Daniel J. McNamara, Garbarini & Scher, P.C., New York City, Carol A. Sigmond, Dunnington, Bartholow & Miller, LLP, New York City, Daniel W. Morrison, III, Bleakley Platt & Schmidt, LLP, White Plains, NY, Michael P. Benenati, Bleakley Platt & Schmidt, LLP, White Plains, NY, Michael T. Rog-ers, Wasserman Grubin & Rogers, LLP, New York City, Vashali Maria Aggarwal, Wasserman Grubin & Rogers, LLP, New York City, Thomas V. Giordano, Zeynel Karcioglu, Esq., New York City, Mark Joseph Weber, Mound Cotton Wollan & Greengrass, New York City, for Defendants.

## *MEMORANDUM AND ORDER REGULATING DEPOSITION PROTOCOL AND SUPPLEMENTING ORDERS OF MARCH 31 AND MAY 5, 2006*

HELLERSTEIN, District Judge.

Following my Opinion of March 31, 2006, and my Order of May 5, 2006 denying the Transportation Security Administration's ("TSA") motion for reconsideration, it is necessary to write again to respond to points raised by the parties and TSA.

1. As I ruled in my prior Opinion and Order, attendance at depositions shall be limited to counsel in the wrongful death and personal injury cases who previously were cleared by TSA or who are entitled to read and hear SSI pursuant to applicable regulations, 49 C.F.R. § 1520.11. The depositions shall be transcribed by cleared court stenographic reporters of this District Court.

   a. The depositions previously noticed by plaintiffs to begin May 1, 2006 are adjourned to begin June 12, 2006, at 10:00 a.m., and to continue day to day thereafter until concluded. The depositions shall take place at the courthouse, 500 Pearl Street, New York, N.Y. 10007, at the place designated by the Clerk.

   b. Plaintiffs represent that the thirteen of plaintiffs' counsel who previously were cleared no longer fairly represent the remaining wrongful death and personal inju-

ry plaintiffs. Plaintiffs' liaison counsel, on or before May 19, 2006, shall serve and file a narrow list of counsel who are fairly representative of such remaining litigants, and ask TSA to clear those counsel for the purpose of participating in depositions necessary to the instant litigation.

c. Defendants represent that the clearances of defense counsel are limited to documents relating to their respective clients, and that a broader clearance allowing them to see and hear the proofs elicited by all deposition participants is necessary to allow them to protect their clients' interests. Defendants' liaison counsel, on or before May 19, 2006, shall serve and file a narrow list of counsel who will be able fairly to represent the interests likely to be directly affected by the testimony of the deposition witnesses who will be called to testify in the immediately ensuing round of depositions, and ask TSA to review those counsel for clearance as to SSI not derived from their access to SSI in the possession of their clients pursuant to 49 C.F.R. § 1520.11(a)(5).

d. If TSA, prior to the beginning of depositions on June 12, 2006, advises the court that it needs more time to effect clearances and provides an estimate of such additional time, the court will postpone the depositions for the time estimated. Otherwise, the depositions shall begin as scheduled, and all persons identified on the lists

served and filed by plaintiffs' and defendants' liaison counsel, who have not specifically been denied clearance by TSA, may attend and participate. None other may attend or participate.

2. Depositions, although scheduled pursuant to Rule 30(b)(6), Fed.R.Civ.P., shall be limited to matters about which the several witnesses have personal knowledge. Accordingly, preparation and testimony of witnesses as to documents, and production of documents used in preparation for depositions to the extent appropriate pursuant to Rule 612, Fed.R.Evid., shall be limited to those documents about which the witness has personal knowledge— for example, documents that the witness may have issued or prepared or reviewed.

3. Depositions shall, as a general matter, be limited to the four areas of inquiry initially identified by plaintiffs in their Rule 30(b)(6) notices: (1) "the warnings and information supplied to the U.S. carriers by the Federal Aviation Administration ("FAA") about the threat of hijackings, including terrorist hijackings, prior to 9/11"; (2) "all airport passenger screening procedures which were utilized, including checkpoint screening procedures prior to and after[1] 9/11"; (3) "the so-called 'common strategy' in the event of a threatened hijacking"; and (4) "the identity of documents submitted to the TSA to determine whether they contain Sensitive Security Information."[2] (Transcript of March 3,

---

1. As will be discussed below, the areas of inquiry shall be limited to security procedures in effect around and before September 11, 2001.

2. The fourth area of inquiry identified in plaintiffs' 30(b)(6) notices, namely the identity of documents submitted to TSA by defendants for determinations as to SSI, shall be deemed satisfied upon production to plaintiffs of a log

2006 Conference at 37–38. *See also* March 31 Opinion and Order at 8.)

4. Depositions shall be limited to queries and answers concerning security measures and procedures in effect around and before September 11, 2001. Plaintiffs' counsel should not proffer questions, and witnesses should not provide answers, containing reference to security procedures in effect currently or which were implemented in the aftermath of September 11, 2001.

5. In so limiting the depositions to information relevant to security procedures in effect around and before September 11, the potential security concerns posed by unauthorized disclosure of SSI are greatly diminished, if not entirely extinguished. The procedures in effect around and prior to September 11, have undergone various transformations in the five years since the tragic events of September 11 and have, in any event, been subject to prior public disclosure.[3] Nevertheless, TSA asserts that it should have the right to raise objections during the course of depositions, and instruct witnesses not to answer, where the questions

posed to witnesses, and the answers elicited therefrom, might implicate information relevant to the case but potentially or actually SSI. TSA's position encompasses information not previously designated as SSI as well as information already made public, both in the *9/11 Commission Report* identified in the margin above, and in the public trial of Zacarias Moussaoui. TSA's position threatens to emasculate the depositions and interfere with the due process rights of litigants, and it is in this connection that I make the following rulings.

According to the applicable regulations, SSI is defined according to two criteria: (a) that which, if disclosed, would "[b]e detrimental to the security of transportation," and (b) TSA's final determination that information should be so characterized. 49 C.F.R. § 1520.5(a)(3). The regulations provide additionally sixteen categories of information that are presumptively deemed SSI absent TSA determination to the contrary.[4] *See* 49 C.F.R. § 1520.5(b). Clearly, TSA should have the right to instruct a witness not to answer a question that will

---

listing all documents turned over to TSA for review.

3. The security procedures in effect on September 11, 2001 are addressed in detail in *The 9/11 Commission Report* (the "Report"). *See* National Commission on Terrorist Attacks Upon the United States, *The 9/11 Commission Report: Final Report of the National Commission on Terrorist Attacks Upon the United States* at 1–4. Of particular relevance to the instant litigation, the Report provides detailed descriptions of the security procedures in effect at the various airports utilized by the September 11 hijackers and details how the security procedures were applied as to each individual hijacker. Thus, for example, the Report explains that in passing through the security checkpoints at Logan International

Airport in Boston, Massachusetts, "each of the hijackers would have been screened by a walk-through metal detector calibrated to detect items with at least the metal content of a .22–caliber handgun." *The Report* at 2. *See also* Rule 803(8), Fed.R.Evid. (providing for admission into evidence of the records, reports and statements of official agencies as an exception to the hearsay rule).

4. Included in the sixteen enumerated categories are "aircraft operator, airport operator, or fixed base operator security program[s]," 49 C.F.R. § 1520.5(b)(1)(i), "[s]ecurity inspection or investigative information," 49 C.F.R. § 1520.5(b)(6), and "[s]ecurity training materials," 49 C.F.R. § 1520.5(b)(10), among others.

elicit information which TSA previously determined was SSI or that fits within the specific categories set forth in 49 C.F.R. § 1520.5(b). TSA, however, takes a broader position, that any information which its counsel believe might implicate SSI may be the subject of their objections and instructions not to answer. (*See* TSA Letter of May 11, 2006 at 3.)

TSA's position will thwart the very purpose of conducting depositions, as witnesses, fearful that any answer provided might contain information subject to ultimate designation as SSI, would be unable to engage in the dynamic process of question and answer so essential to developing and defending a negligence action. It is my obligation to protect against such unwarranted interference with the litigation progress and to ensure that depositions proceed in an efficient and worthwhile manner. In the interest of protecting both the rights of litigants to a fair and prompt determination of their legal claims and the right of TSA to make final determinations as to SSI subject to review only by the Courts of Appeals, 49 U.S.C. § 46110, I direct that depositions proceed in the manner outlined below.

a. TSA may attend and participate in the depositions for the purpose of raising and preserving objections to questions that potentially implicate the disclosure of SSI.

b. In accordance with the applicable regulations, any objection may be accompanied by an instruction by TSA to the witness not to answer to the extent that TSA has previously made a final determination that disclosure of the information would "[b]e detrimental to the security of transportation," 49 C.F.R. § 1520.5(a)(3), or to the extent that the information is asserted as covered specifically by one or more of the categories enumerated in 49 C.F.R. § 1520.5(b).

c. Absent such a clear designation that the testimony offered constitutes SSI, witnesses shall proceed to answer responsively to questions in the manner provided by Rule 30(c), Fed.R.Civ.P., with objections by TSA noted on the record and with the answers of the witness being subject to later ruling and final determination by TSA in accordance with the procedure noted below. *See* 49 C.F.R. § 1520.5. Pending such final determination by TSA, the attorneys in attendance at the depositions are ordered not to disclose any information obtained or received during the course of same to which TSA has made objection.

6. Depositions shall be recorded by a court stenographic reporter certified by this court who has been cleared by TSA. Further, as provided by my prior Opinion of March 31, the reporter shall transcribe only two copies of each deposition for production to counsel for TSA. Within 30 days of receipt, TSA shall identify on one copy of the transcript the portions of the transcript that contain SSI, as determined by TSA, and shall redact the second copy of the transcript accordingly. The redacted copy of the transcript shall be furnished to the deponent for review and correction and/or signature pursuant to Rule 30(e), Fed. R. Civ. P, thereafter to be served and filed in the manner provided by Rule 30(f), Fed. R.Civ.P. The unredacted transcript, with SSI identified by marginal notations, shall be filed under seal with the District Court and shall be considered the final determination of

TSA subject to appeal to the appropriate Court of Appeals. *See* 49 U.S.C. § 46110.

7. Questions or disputes as to any of the above matters, or in connection with the depositions thus regulated, shall be brought to me for prompt decision. The preferred mode of presenting such questions or disputes shall be pursuant to my Individual Rule 2E, thus allowing prompt rulings, in most instances, within 24 hours.

Further delay in these cases threatens the substantive rights of the litigants, and can no longer be tolerated. The litigants brought these claims pursuant to the rights afforded them by Congress by enactment of the Air Transportation Safety and System Stabilization Act, Pub.L. 107–42, 115 Stat. 230 (2001) (codified at 49 U.S.C. §§ 40101 note). It is not my role as District Judge to review TSA's determinations or internal procedures. It is my role, however, as the judge assigned to preside over this litigation, to regulate the proceedings of this litigation, and to protect the litigants' right to a fair and prompt determination of their legal claims. Thus, in the interest of justice, and in accordance with the procedures set forth above, depositions in the wrongful death and personal injury cases consolidated under master docket 21 MC 97 are to begin June 12, 2006. As always, I remain available to provide any further rulings that may be required for the fair and efficient progress of the depositions.

SO ORDERED.